UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| EDGAR GOODWIN, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | No. 1:05-cv-124 |
| | ) | *Edgar* |
| HAMILTON COUNTY JAIL, SHERIFF'S DEPT., OFFICER SMITH, | ) ) ) | |
| *Defendants.* | ) | |

## **MEMORANDUM**

Edgar Goodwin ("Goodwin" or "plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Court File No. 3]. His complaint is incoherent and difficult to decipher. The Court presumes he is complaining that Officer Smith intentionally placed him in a dangerous situation with the inmate population when he questioned Goodwin, in the presence of other inmates, about previous complaints Goodwin had made about inmates threatening to harm him. Goodwin claims that he was assaulted as a result of Officer Smith discussing this confidential information in the presence of the inmate population at the Hamilton County Jail. After reviewing the record and the applicable law, the Court concludes that Goodwin's complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** because he has failed to exhaust his administrative remedies.

1

**I.**    **Application to Proceed In Forma Pauperis**

It appears from the application to proceed *in forma pauperis* submitted by Goodwin that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Goodwin is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Goodwin is an inmate in custody at the Hamilton County Jail, he will be **ASSESSED** the civil filing fee of **$250.00** under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Goodwin shall pay the full filing fee of two-hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

The mathematical formula of 28 U.S.C. § 1915(b)(1)(A) and (B) directs a finding of zero. Accordingly, the custodian of Goodwin's inmate trust account at the institution where he now resides shall not submit an initial partial payment. *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997). However, Goodwin is still obligated to pay the full filing fee when money does become available.

The custodian shall submit twenty percent (20%) of all funds deposited to Goodwin's trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Custodian of Goodwin's trust account is instructed that when Goodwin's trust account balance is over $10.00 then the twenty-percent rule is applicable. No violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore v. Wrigglesworth*, 114 F.3d at 606 (6th Cir., 1997).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Sheriff of Hamilton County, the Custodian of Inmate Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Goodwin' inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Goodwin' file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.     Exhaustion of Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. See *Davie v. Wingard*, 958 F.Supp.

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> P.O. Box 591
> Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

3

Case 1:05-cv-00124   Document 4   Filed 05/25/05   Page 3 of 6   PageID #: 3

1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.* Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (unpublished table decision), *available in* 2000 WL 659260, *1 (6th Cir. May 11, 2000) (citing *Brown v. Toombs,* 139 F.3d at 1104)).

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). Although there is an inmate grievance program in the Hamilton County Jail, there is no proof in the record to demonstrate plaintiff has exhausted his available administrative remedies by fairly presenting his claim to the Hamilton County Jail inmate grievance program. Goodwin has failed to attach a copy of his grievance and the administrative decision to his complaint or to provide any proof that he has exhausted his administrative remedies.

An inmate cannot fail to file a grievance or abandon the process before completion and claim he has exhausted his administrative remedies or that it is futile to exhaust remedies because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999) *citing Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997). "'In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.'" *Garfield v. Federal Prison Industries*, 3 Fed.Appx. 292 (unpublished table decision), *available in* 2001 WL 92137, at *1 (6th Cir. Jan 26, 2001) *quoting Knuckles El. v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). Consequently, Goodwin's failure to attach the grievance and the administrative decision, and his failure to include particularized averments demonstrating he exhausted his administrative remedies results in him failing to demonstrate he exhausted all administrative remedies that were available to him.

Goodwin failed to complete the second page of the complaint informing the Court whether he satisfied the grievance procedure. Instead, he wrote "N/A" on the page. Every claim must be exhausted through the grievance system. A prisoner's complaint which alleges both exhausted and unexhausted claims must be dismissed in its entirety. *Bey v. Johnson*,___ F.3d ___, 2005 WL 1120283 (6th Cir. Apr. 27, 2005). Thus, the plaintiff has failed to satisfy his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint.

Goodwin has failed to demonstrate that he followed the Hamilton County Jail procedure for resolving grievances on the issues presented in his complaint, thus resulting in his failure to exhaust administrative remedies. The Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates.

Consequently, Goodwin's complaint will be **DISMISSED** *sua sponte* without prejudice for failure to state a claim upon which relief may be granted because Goodwin failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter **DISMISSING** the plaintiff's complaint in its entirety.

            */s/ R. Allan Edgar*
            R. ALLAN EDGAR
         CHIEF UNITED STATES DISTRICT JUDGE