UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| EDGAR GOODWIN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:05-cv-124 |
| | ) | *Edgar* |
| HAMILTON COUNTY JAIL, | ) | |
| SHERIFF'S DEPT., OFFICER SMITH, | ) | |
| | ) | |
| *Defendants.* | ) | |

## JUDGMENT

For the reasons expressed by the Court in its memorandum opinion filed herewith, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff Edgar Goodwin ("Goodwin" or "plaintiff") is **ASSESSED** the civil filing fee of **$250.00** under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Goodwin's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, twenty percent (20%) of all funds deposited to Goodwin's trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). When Goodwin's trust account balance is over $10.00 then the twenty percent rule is applicable. No violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars.

(2) The Clerk of Court shall mail a copy of this memorandum and order to the Sheriff

1

of Hamilton County, the custodian of Inmate Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Goodwin' inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

(3) The agency having custody shall collect the filing fee funds, make this order a part of the inmate's file, and send it with the inmate if he is transferred to another institution. The agency having custody of the inmate shall pay the monthly payments from the plaintiff's prisoner account until the entire filing fee is paid.

(4) The plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order.

(5) The plaintiff's § 1983 complaint [Court File No. 3] is **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because Goodwin failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

Upon carefully reviewing this complaint pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court hereby **DENIES** plaintiff leave to proceed *in forma pauperis* on appeal. See FED. R. APP. P. 24.

This is a **FINAL JUDGMENT**. The Clerk of Court shall close the case.

ENTER this *25th day of May, 2005*.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE